J-S23020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| AKASH ASHOK BAROT, DDS., | : | |
| NORTHWOOD DENTAL GROUP, LLC | : | |
| AKA/DBA NORTHWOOD AESTHETIC | : | |
| DENTAL, JANE DOE I, JANE DOE II, | : | |
| AND HIRABEN PROPERTIES, LLC | : | No. 2044 EDA 2020 |

Appeal from the Order Entered October 13, 2020,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): No. 190102873.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:                Filed: August 5, 2021

*Pro se* Appellant, Sergei Kovalev, seeks reversal of the trial court's order

denying a preliminary injunction to escrow the funds from the Appellees' sale

of certain real estate.  That property is unrelated to the underlying causes of

action.  Mr. Kovalev wished for the trial court to control the proceeds from the

real-estate transactions pending the outcome of this personal-injury lawsuit,

in which Mr. Kovalev sued Dr. Akash Ashok Barot, DDS, and the dentist's

various companies.

In his brief, Mr. Kovalev asserts the Appellees "liquidated and dissipated

all financial assets, at least the real-estate assets used by [Dr.] Barot's dental

---

[*] Retired Senior Judge assigned to the Superior Court.

offices." Mr. Kovalev's Brief at 10. This assertion ends the need for further appellate review. Mr. Kovalev admits that the funds from the real-estate sale are gone, leaving nothing to be escrowed. As such, even if we reverse the trial-court order, denying the preliminary injunction, we could not grant Mr. Kovalev his requested relief. Therefore, this appeal is moot.

"It is well established in this jurisdiction that this Court will **not** decide moot questions . . . [and] a legal question can become moot on appeal as a result of an intervening change in the facts of the case." **In re Gross**, 382 A.2d 116, 119 (Pa. 1978) (emphasis added). Because the Appellees have dissipated the funds at issue, that intervening change in the facts of this case moots the instant appeal.

Hence, we now dismiss this appeal as moot.[1]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/21

---

[1] The fact that these defendants have liquidated and dissipated their real-estate assets has no bearing on the merits of Mr. Kovalev's personal-injury lawsuit against them. If Mr. Kovalev ultimately succeeds in his claims, he may execute his judgment against the defendants' remaining assets; this is the typical manner in which personal-injury suits proceed following judgment.